ORCHARD, &C.
vs
DAVID.

---

CHANCERY.

## Orchard, &c. vs David, (a free man of color.)

Case 76.

ERROR TO THE MADISON CIRCUIT.

*Wills. Emancipation.*

April 17.

CHIEF JUSTICE EWING delivered the opinion of the Court.

The case stated.

On the 15th of August, 1845, Alexander Orchard made his last will and testament, duly executed and attested by two subscribing witnesses, in which, after making some specific bequests, and directing his executor to sell, at public sale, his land and all his property, giv-

'ORCHARD, &c.
vs
DAVID.

ing the usual credit, and dividing the proceeds among his children, he makes the following devise: "I will that my two negroes, David and Jinny, have the privilege to bid and purchase themselves and their child, Mary Jane, provided they comply with the terms of sale in giving security for the amount of the debt, and the law, in giving security for their good behavior, &c."

On the 4th day of December, of the same year, he makes the following codicil, which was attested by one witness only: "I, Alexander Orchard, being sound in mind and memory, but in low health, make this provision in my will which is written above, provided that in the event that my man David, and Jane his wife, pay or cause to be paid, four hundred dollars, in lawful money of Kentucky, they and their child be set free, as is written above, to have the same credit as is common at executors' sales, say twelve months." The will and codicil were recorded; the will upon the proof of the two witnesses, the codicil upon the proof of the single attesting witness. The only question in this case is, whether David, and his wife and child, are entitled to their freedom under the will and codicil, upon the payment of the four hundred dollars mentioned in the codicil.

Conceding that to emancipate slaves by last will and testament, nothing less than a will subscribed by two witnesses, and executed with all the solemnities requisite to devise real estate, will suffice, notwithstanding the statute of 1800, (2 *Stat. Laws*, 1547,) yet we think that the slaves in question are entitled to their freedom, upon the payment of the sum specified in the codicil.

We understand the clause in the will quoted, as entitling them to their freedom, upon their biding and paying whatever they would command at the sale, and complying with the conditions imposed. Their discharge from service and exercise of the right of free persons, upon the conditions mentioned, must have been intended by the testator, in allowing them to bid for and buy themselves and child at the sale. No other sensable interpretation can be given to the clause in question. And had the codicil not been made, we cannot doubt that they

would, upon complying with the conditions specified, have been entitled to their freedom.

Being entitled to their freedom by the will, by giving to the codicil the operative effect only of reducing the amount to be paid by them as the highest bidder, to four hundred dollars, they became entitled to their freedom upon the terms of paying that amount. And we think, to the extent of reducing and fixing the sum so to be paid, the codicil is valid, without being attested by two witnesses, as required in the disposition of the realty. The sum to be paid by the provisions of the will, operated as a charge upon them, this charge may be reduced by a codicil, executed in such manner as to pass the personalty. The sum to be raised by the bid of the slaves or the charge upon them, was, by the will, to be divided among the testator's children; surely he possessed the power, by a codicil, executed as aforesaid, to take the excess over four hundred dollars, from his children and give it to the slaves. The direction thus given to the charge or proceeds of the sale, is a disposition of personalty only, and may be given by a codicil, which is good to pass the personalty only, which in principle, has been frequently settled by the English Courts, in analogous cases: (1 *Roper on Legacies*, 456–7, &c.)

The decree of the Circuit Court, which entitles David, his wife and child to freedom, upon complying with the terms, as to *payment*, specified in the codicil, and the other terms specified in the will, is, therefore, affirmed with costs.

*Turner* for plaintiffs: *Caperton* for defendants.